## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

GREGG STEPHEN HARRISON,

     Plaintiff,

-vs-

EQUIFAX INFORMATION
SERVICES LLC; EXPERIAN
INFORMATION SOLUTIONS, INC.;
and CITIBANK, N.A.,

     Defendants.

Case No.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, GREGG STEPHEN HARRISON (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"); EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"); and CITIBANK, N.A. (hereinafter "Citibank") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like Equifax and Experian, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.    Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.    Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.    Venue is proper in this District as Equifax's principal address is in this District; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.    Plaintiff is a natural person and resident of Haywood County in the State of North Carolina. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.    Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

11.    Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.    Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

14.    Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.    Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.    Citibank is an FDIC insured national bank headquartered at 380-390 Greenwich Street in New York City, New York 10013 that upon information and belief conducts business in the State of Georgia.

17.    Citibank is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

18.    Citibank furnished information about Plaintiff to Equifax and Experian that was inaccurate.

## **FACTUAL ALLEGATIONS**

19.    Plaintiff is alleged to owe a debt to Citibank, partial account number ending in x8578, as to a credit card (hereinafter "Citibank Account").

20.    In or about July 2024, Plaintiff observed a fraudulent charge in the amount of $206 to the Citibank Account.

21.    Immediately, Plaintiff disputed the fraudulent charge with Citibank, and Citibank issued a temporary security credit in the amount of $206 to the Citibank Account during the investigation.

22.    On or about August 28, 2024, Citibank reversed the security credit and applied again the fraudulent charge resulting in the Citibank Account now being charged the fraudulent charge two times.

23.    On or about September 19, 2024, Citibank applied another security credit of $206 to the Citibank Account leaving an erroneous balance of $206.

24.    However, upon receipt of the October Statement of the Citibank Account, Plaintiff observed that a late fee in the amount of $30 was erroneously applied to the Citibank Account.

25.    On or about November 20, 2024, Citibank corrected the error and applied a recredit of $206 to the Citibank Account. However, the erroneous late

fee was not credited and additional erroneous fees continued to be applied to the Citibank Account.

26.    On or about December 27, 2024, Plaintiff reviewed his credit report and observed that the Citibank Account was being reported negatively as past due.

27.    Immediately, Plaintiff contacted Experian and disputed the erroneous pay status.

28.    On or about January 30, 2025, Plaintiff received dispute results from Experian which stated that the Citibank Account was verified and updated to reflect a pay status of 60 days past due in December 2024 and 90 days past due in January 2025.

29.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

30.    Experian never attempted to contact Plaintiff during the alleged investigation.

31.    Upon information and belief, Experian notified Citibank of Plaintiff's dispute. However, Citibank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

32.    On or about February 24, 2025, Plaintiff obtained a copy of his Equifax credit report. Upon review, Plaintiff observed that the Citibank Account was reported with a status of not more than four payments past due and balance of $161 with a late remark of 60 days past due in December 2024.

33.    On or about February 24, 2025, Plaintiff reviewed his Experian credit report and observed that the Citibank Account was reported with a status of "Closed. $75 past due as of Jan 2025" and with a balance of $161.

34.    On or about April 2, 2025, Plaintiff obtained an updated copy of his Experian credit report. Upon review, Plaintiff observed that the Citibank Account was reported with a status of Paid, Closed but continued to be reported with a pay status of 60 days past due in December 2024 and 90 days past due in January 2025.

35.    On or about April 3, 2025, Plaintiff mailed a detailed dispute letter to Equifax and Experian regarding the inaccurate reporting. In the letter, Plaintiff requested a copy of his credit report. Further, Plaintiff advised that the Citibank Account was not accurate and that the pay status and the debt they were claiming Plaintiff owed were not valid. To confirm his identity, Plaintiff included images of his driver's license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting and other supporting documents.

36.     Plaintiff mailed his detailed dispute letter via USPS Certified Mail to Equifax (9407 1112 0620 8892 9577 48) and Experian (9407 1112 0620 8892 9577 62).

37.     Despite confirmation of delivery on April 9, 2025, Plaintiff did not receive dispute results or a copy of his credit report in the mail from Equifax.

38.     However, on or about May 9, 2025, Plaintiff obtained an updated copy of his Equifax credit report, and upon review, Plaintiff observed that the Citibank Account was updated to reflect a balance of $0 and status of pays as agreed but continued to report the erroneous late remarks of 60 days late in December 2024 and 90 days late in January 2025.

39.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

40.     Equifax never attempted to contact Plaintiff during the alleged investigation.

41.     Upon information and belief, Equifax notified Citibank of Plaintiff's dispute. However, Citibank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

42.    Despite confirmation of delivery on April 9, 2025, Plaintiff did not receive dispute results or a copy of his credit report in the mail from Experian.

43.    However, on or about May 9, 2025, Plaintiff obtained an updated copy of his Experian credit report, and upon review, Plaintiff observed that the Citibank Account was updated to reflect a balance of $0 and status of paid, closed but continued to report the erroneous late remarks of 60 days late in December 2024 and 90 days late in January 2025.

44.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

45.    Experian never attempted to contact Plaintiff during the alleged investigation.

46.    Upon information and belief, Experian notified Citibank of Plaintiff's dispute. However, Citibank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

47.    On or about May 14, 2025, Plaintiff mailed a complaint to the Consumer Financial Protection Bureau ("CFPB") regarding the inaccurate reporting of the Citibank Account.

48.    In the CFPB report, Plaintiff detailed the fact that the Citibank Account was reporting an inaccurate pay status, and he requested an investigation into the inaccurate reporting.

49.    Under 15 U.S.C. § 1681i(e)(3) of the FCRA, credit reporting agencies, such as Equifax and Experian, are required to review certain consumer complaints about inaccurate information that are originally sent to the CFPB.

50.    As of the filing of this Complaint, upon information and belief, Equifax and Experian have failed to review the CFPB complaint that Plaintiff filed and continue to inaccurately report the Citibank Account on his credit report.

51.    Due to the continued inaccurate reporting, on or about May 20, 2025, Plaintiff mailed a second detailed dispute letter to Equifax and Experian. In the letter, Plaintiff again requested a copy of his credit report. Further, Plaintiff reiterated that the Citibank Account was not accurate and that the pay status and the debt they were claiming Plaintiff owed were not valid. To confirm his identity, Plaintiff included images of his driver's license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting, images of the filed CFPB Complaint, and other supporting documents.

52.     Plaintiff mailed his detailed dispute letter via USPS Certified Mail to Equifax (9407 1112 0620 8837 9322 67) and Experian (9407 1112 0620 8837 9355 89).

53.     As of the filing of this Complaint, Plaintiff has not received dispute results from Equifax and Experian regarding his second detailed dispute letter.

54.     Despite Plaintiff's best efforts to have the erroneous reporting corrected, Equifax and Experian continue to inaccurately report the Citibank Account in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

55.     Equifax and Experian have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnisher, Citibank.

56.     Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

57.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

> i.     Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, wasted

time, and lost wages due to missing work in attempts to cure the
reporting errors;

ii.    Loss of time attempting to cure the errors;

iii.    Mental anguish, added stress, aggravation, embarrassment,
emotional distress, sleepless nights, headaches, fluctuations in
weight, and other related impairments to the enjoyment of life;
Plaintiff is being physically affected by Defendants' actions;

iv.    Reduction in credit score; and

v.    Apprehensiveness to apply for new credit due to the fear of
rejection.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Negligent)**

58.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-
seven (57) above as if fully stated herein.

59.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to
follow reasonable procedures to assure maximum possible accuracy in the
preparation of the credit report and credit files it published and maintains
concerning Plaintiff.

60.     Equifax allowed for a Furnisher to report inaccurate and erroneous account information to Plaintiff's credit file.

61.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

62.     Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

63.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

64.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

65.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

66.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, GREGG STEPHEN HARRISON, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

67.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

68.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

69.    Equifax allowed for a Furnisher to report inaccurate and erroneous account information to Plaintiff's credit file.

70.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

71.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

72.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

73.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

74.    The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

75.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, GREGG STEPHEN HARRISON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

76.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

77.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

78.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

79.     Plaintiff provided Equifax with the information it needed to confirm the pay status and balance of the Citibank tradeline was inaccurate. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

80.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

81.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

82.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, GREGG STEPHEN HARRISON, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

83.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

84.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

85.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

86.    Plaintiff provided Equifax with the information it needed to confirm the pay status and balance of the Citibank tradeline was inaccurate. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

87.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

88.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

89.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, GREGG STEPHEN HARRISON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
### Violations of 15 U.S.C. § 1681g as to
### Defendant, Equifax Information Services LLC (Negligent)

90.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

91.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

92.    Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

93.    Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

94.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

95.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

96.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, GREGG STEPHEN HARRISON, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violations of 15 U.S.C. § 1681g as to
### Defendant, Equifax Information Services LLC (Willful)

97.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

98.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

99.    Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

100.    Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

101.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

102.   The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

103.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, GREGG STEPHEN HARRISON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

104.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

105.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

106.    Experian allowed for a Furnisher to report inaccurate and erroneous account information to Plaintiff's credit file.

107.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

108.    Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

109.    Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

110.    As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

111.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

112.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, GREGG STEPHEN HARRISON, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT VIII**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

113.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

114.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

115.   Experian allowed for a Furnisher to report inaccurate and erroneous account information to Plaintiff's credit file.

116. Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

117. Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

118. Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

119. As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

120. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

121. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, GREGG STEPHEN HARRISON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

122.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

123.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

124. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

125. Plaintiff provided Experian with the information it needed to confirm the pay status and balance of the Citibank tradeline was inaccurate. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

126. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

127. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

128. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, GREGG STEPHEN HARRISON, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT X
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

129.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

130.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

131. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

132. Plaintiff provided Experian with the information it needed to confirm the pay status and balance of the Citibank tradeline was inaccurate. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

133. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

134. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

135. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, GREGG STEPHEN HARRISON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XI
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

136.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

137.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

138.   Plaintiff provided to Experian appropriate and sufficient proofs of identity to allow Experian to create a high degree of confidence in knowing the identity of Plaintiff.

139.   Despite the sufficient proofs of identification produced by Plaintiff, Experian refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

140.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

141.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

142.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, GREGG STEPHEN HARRISON, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT XII**
**Violation of 15 U.S.C. § 1681g as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

143.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

144.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

145.   Plaintiff provided to Experian appropriate and sufficient proofs of identity to allow Experian to create a high degree of confidence in knowing the identity of Plaintiff.

146.   Despite the sufficient proofs of identification produced by Plaintiff, Experian refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

147.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

148.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

149.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, GREGG STEPHEN HARRISON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Citibank, N.A. (Negligent)

150.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

151.   Citibank furnished inaccurate account information to Equifax and Experian and through those CRAs to all of Plaintiff's potential lenders.

152.   After receiving Plaintiff's disputes, Citibank violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the

erroneous account information; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Equifax and Experian; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

153.  Plaintiff provided all the relevant information and documents necessary for Citibank to have identified that the account pay status and balance were erroneous.

154.  Citibank knowingly chose to follow procedures which did not review, confirm, or verify the account pay status and balance were accurate.

155.  Citibank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax and Experian after it had been notified that the information it was furnishing was inaccurate.

156.  As a direct result of this conduct, action, and/or inaction of Citibank, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

157.   The conduct, action, and inaction of Citibank was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

158.   Plaintiff is entitled to recover costs and attorney's fees from Citibank in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, GREGG STEPHEN HARRISON, respectfully requests that this Court award actual damages against Defendant, CITIBANK, N.A.; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## **COUNT XIV**
### **Violation of 15 U.S.C. § 1681 s-2(b) as to Defendant, Citibank, N.A. (Willful)**

159.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

160.   Citibank furnished inaccurate account information to Equifax and Experian and through those CRAs to all of Plaintiff's potential lenders.

161.   After receiving Plaintiff's disputes, Citibank violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the

erroneous account information; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Equifax and Experian; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

162. Plaintiff provided all the relevant information and documents necessary for Citibank to have identified that the account pay status and balance were erroneous.

163. Citibank knowingly chose to follow procedures which did not review, confirm, or verify the account pay status and balance were accurate.

164. Citibank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax and Experian after it had been notified that the information it was furnishing was inaccurate.

165. As a direct result of this conduct, action, and/or inaction of Citibank, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

166.   The conduct, action, and inaction of Citibank was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

167.   Plaintiff is entitled to recover costs and attorney's fees from Citibank in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, GREGG STEPHEN HARRISON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, CITIBANK, N.A.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, GREGG STEPHEN HARRISON, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and CITIBANK, N.A.,

jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 20th day of May 2025.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorney for Plaintiff*